IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02275-BNB

ERVING BOND,

     Plaintiff,

v.

BLAKE DAVIS,

     Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 03 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Erving Bond, is in the custody of the United States Bureau of Prisons (BOP) and is incarcerated currently at ADX Florence. Mr. Bond initiated this action by filing *pro se* a Prisoner Complaint asserting jurisdiction pursuant to 28 U.S.C. § 2241. The Court construed the Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), as a civil rights action arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.

On September 17, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Bond to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Bond was directed to submit a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved form, along with a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing, or to pay the $350.00 filing fee in full. The September 17 Order warned Mr. Bond that if he failed

to cure the designated deficiencies within the time allowed the action would be dismissed without further notice.

Mr. Bond filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on October 14, 2010.  He also submitted a certified copy of his inmate account statement.  In an October 26, 2010 Order, Magistrate Judge Boland granted Mr. Bond leave to proceed pursuant to 28 U.S.C. § 1915.  The October 26 Order advised Mr. Bond that he was required to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the outcome of this action.  The October 26 Order further directed Mr. Bond to pay an initial partial filing fee of $18.00.  Plaintiff was directed to send the designated partial filing fee payment to the clerk of the court within thirty days or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee.

Mr. Bond has not paid the initial partial filing fee of $18.00.  Mr. Bond has also failed to show cause why he has no assets and no means by which to pay the designated initial partial filing fee.  Therefore, Mr. Bond has failed to cure the designated deficiencies within the time allowed.

On October 28, 2010, a purported "amicus curiae" filed a "brief" in this case [Doc. No. 5] contending that Mr. Bond's action arises under 28 U.S.C. § 2241, not "*Bivens*" and, therefore, Plaintiff was only required to pay the $5.00 filing fee for  habeas corpus actions.  *See* 28 U.S.C. § 1914(a) (filing fees in district court).  The Court need not entertain this argument because it was not made by Mr. Bond.  Notwithstanding, the

2

argument is incorrect because the allegations of the Prisoner Complaint focus primarily on the conditions of Mr. Bond's confinement at the ADX and are therefore not cognizable in an application for a writ of habeas corpus.

Mr. Bond complains that he was transferred to ADX Florence approximately five years ago and has been confined in administrative segregation under severe conditions that impose an atypical and significant hardship on him, in violation of his due process rights. Compl., at 3-4 and attachments. For relief, Mr. Bond requests a transfer to the general population unit of another BOP facility. Compl., at 8.

Claims challenging the conditions of a federal inmate's confinement are not cognizable in a habeas corpus proceeding. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("[F]ederal claims challenging the conditions of [a prisoner's] confinement generally do not arise under § 2241."); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) ("habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement" whereas "civil rights action attacks the conditions of the prisoner's confinement"); *Merritt v. Pugh*, No. 00-1129, 2000 WL 770577, at *1 (10th Cir. June 15, 2000) (unpublished) (conditions of confinement claim not properly brought under § 2241); *Thompson v. True*, No. 97-3275, 1998 WL 536383, at *1 (10th Cir. Aug. 18, 1998) (unpublished) (same); *Murphy v. Brooks*, No. 97-1175, 1997 WL 796485, at *1 (10th Cir. Dec. 31, 1997) (unpublished) (same).

In *Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000), the Tenth Circuit held that a prisoner's challenge to the constitutionality of his transfer from a state prison in Wyoming to a private prison in Colorado may be cognizable in a habeas petition under 28 U.S.C. § 2241. The conditions of confinement in the private prison were not at issue in *Montez*. *See id.* at 866 n. 4. By contrast, Mr. Bond does challenge the conditions of confinement at the ADX. Furthermore, unlike the prisoner in *Montez* who disputed the state's authority to transfer him to a private facility in another state to serve his sentence, Mr. Bond is a federal prisoner who disagrees with the BOP's choice of prisons. Absent further direction from the Tenth Circuit, this Court declines to extend the *Montez* decision beyond its specific facts.

Mr. Bond's claim challenging the conditions of his confinement at the ADX is properly raised under *Bivens* and not under § 2241. *See McIntosh,* 115 F.3d at 811-12 (citing *Falcon v. United States Bureau of Prisons,* 52 F.3d 137, 138 (7th Cir.1995) (if prisoner seeks a "quantum change" in his level of custody, such as freedom, his remedy is habeas corpus; if he seeks a different program, location or environment, his challenge is to conditions rather than fact of confinement and remedy is under civil rights law) (further citations and quotations omitted)).

Mr. Bond's allegation that he is precluded from earning "good time" credits as a result of his incarceration at the ADX, in violation of his due process rights, may be cognizable under 28 U.S.C. § 2241 because such credits affect the execution of his

4

federal sentence. However, the gravamen of Mr. Bond's complaint challenges his conditions of confinement at ADX and the remedy he seeks is transfer to another BOP facility. As such, the allegation concerning an inability to earn good time credits is not enough to transform this action into a § 2241 proceeding.

Moreover, Mr. Bond cannot state a due process claim based upon the inability to earn good time credits under 18 U.S.C. § 3624(b) unless he has a liberty interest in earning the credits. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A constitutionally-protected liberty interest may arise from either the Due Process Clause itself, or from a state or federal law. *See id.*; *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Constitution does not itself afford a convicted person any right to be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, (1979). Neither does Section 3624(b) create a liberty interest in early release. The statute provides that a federal prisoner may receive up to 54 days of credit toward the service of the prisoner's sentence, beyond the time served, "subject to determination by [the BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Because the statute allows the BOP discretion to deny the requested relief, it does not create a constitutionally-recognized liberty interest. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (construing 18 U.S.C. § 3621(e)(2)(B)) (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).

5

Finally, the Court notes that if Mr. Bond harbored a mistaken belief that he was required to pay only a $5.00 filing fee in this action, he has failed to remit even that amount to the clerk of the court. Accordingly, it is

ORDERED that the action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Erving Bond, to comply with the October 26 Order to pay an initial partial filing fee.

DATED at Denver, Colorado, this __3rd__ day of ___December_____, 2010.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02275-BNB

Erving Bond
Reg No. 16203-083
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/3/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk